UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-45-GWU

CHARLES RANELL HENRY,                                                    PLAINTIFF,


VS.                              **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                         DEFENDANT.


### INTRODUCTION

Charles Ranell Henry brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

08-45  Charles Ranell Henry

>  Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

08-45  Charles Ranell Henry

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

08-45 Charles Ranell Henry

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist.

Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Henry, a 50-year-old[1] former lab technician with a high school education,[2] suffered from impairments related to chronic obstructive pulmonary disease and Crohn's disease.  (Tr. 16-17).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 19-20).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 20-21).  The ALJ based this decision, in part, upon the testimony of a vocational expert.  (Tr. 20).

The time period pertinent to this appeal is very important.  Henry filed her DIB application on March 1, 2005 alleging a disability onset date of June 6, 1996.  (Tr. 56).  The ALJ determined that the plaintiff's DIB-insured status expired on

---

[1] The plaintiff's age ranged from 40 to 46 during the relevant time period.  (Tr. 19).

[2] The claimant also completed four years of college.  (Tr. 16).

08-45  Charles Ranell Henry

September 30, 2002.  (Tr. 18).  Therefore, the claimant must prove she became disabled between these dates in order to qualify for DIB.

After review of the evidence presented, the undersigned concludes that the administrative decision that Henry was not disabled prior to September 30, 2002 is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Dwight McMillion included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to more than occasionally climb; (2) a need to avoid concentrated exposure to humidity and hazards; and (3) a need to avoid "moderate" exposure to odors, dust, fumes, gases and poor ventilation.  (Tr. 973).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 974).  Therefore, assuming that the vocational factors considered by McMillion fairly depicted Henry's condition during the relevant time period, then a finding of disabled status, within the meaning of the Social Security Act is precluded.

Dr. Timothy Gregg, a non-examining medical reviewer, opined that the medical record did not indicate that Henry suffered from a "severe" impairment prior to the expiration of her DIB-insured status.  (Tr. 228).  Such treating and examining sources as the staff at Lexington Surgeons (Tr. 146-147), Dr. Mary Eastham (Tr. 155-190), Dr. James Vansant (Tr. 207-227), the staff at Central Baptist Hospital (Tr.

233-285), and the staff at Appalachian Regional Healthcare (Tr. 286-298) did not identify the existence of more severe functional limitations than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

Henry asserts that the ALJ erred in finding that her multiple conditions did not completely disable her. However, the evidence cited by the plaintiff in support of her arguments comes from time periods well after the expiration of her DIB-insured status on September 30, 2002.

With regard to Henry's problem with chronic obstructive pulmonary disease, she complained to Dr. Vansant about shortness of breath and a lack of stamina in August of 2000. (Tr. 218). Despite these problems, she indicated that she was remaining as active as she had always been. (Id.). An August, 2000 chest x-ray revealed no sign of early emphysema. (Tr. 227). Pulmonary function testing ordered by Dr. Vansant later that month revealed "mild" restriction and "moderate" obstruction which improved with the use of bronchodilators. (Tr. 221). In September of 2000, she was reported not to be very symptomatic. (Tr. 217). In March of 2001, her condition was described as "mild" and fairly stable. (Id.). The claimant's condition was again noted to be "mild" and she was doing well in July of 2001. (Tr. 215). Dr. Vansant saw her for the last time before her date last insured (DLI) on June 27, 2002, at which time her condition was once more described as stable and she was said to be doing well. (Id.). In September of 2003, almost one

year after the DLI, Henry was still said to be stable, doing quite well and had no major complaints.  (Tr. 214).  In January of 2005, approximately two and a half years after the plaintiff's DLI, new pulmonary function studies revealed very "severe" obstructive and "mild" restrictive lung disease. (Tr. 201).  In February of 2005, a CT Scan revealed "advanced" emphysema.  (Tr. 194).  Therefore, while the evidence of record certainly shows a deterioration of the claimant's breathing problems <u>after her DLI</u>, the ALJ properly concluded that this condition was not of disabling severity during the relevant time period.

Henry's problems with Crohn's disease also do not appear to have been of disabling severity during the pertinent time frame.  The medical record prior to the DLI makes no mention of this problem, nor of significant problems with diarrhea, its related symptom.  Dr. Eastham's records relate almost entirely to breast and cervical cancer screenings.  (Tr. 155-190).  While the plaintiff asserts that the diarrhea problems associated with Crohn's disease have led to serious weight loss (Tr. 943), in June of 2002, only three months before the DLI, she told Dr. Vansant that she was dieting to keep weight off.  (Tr. 215).  This statement does not suggest that Crohn's disease was a serious problem at that time.  Dr. Vansant noted that a diagnosis of Crohn's disease had not been made until March of 2003, well after the DLI.  (Tr. 214).  In July of 2003, her diarrhea was said to be mild.  (Id.).  In September of that year, the diarrhea was noted to be "minimal."  (Id.).  Therefore,

08-45  Charles Ranell Henry

the claimant's Crohn's disease does not appear to have been disabling or contributed to a disabling condition during the relevant time period.

Henry submitted an enormous number of medical exhibits directly to the Appeals Council which were never seen by the ALJ.  (Tr. 301-933).  This action raises an issue concerning a remand for the taking of new evidence before the Commissioner.  Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).  A court may order additional evidence be taken before the Commissioner, ". . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  42 U.S.C. § 405(g).  The statute provides that a claimant must prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding.  Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988).  In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence.  Sizemore, 865 F.2d at 711.

In the present action, Henry has not offered any reason for the failure to incorporate these exhibits into the record before the ALJ.  While many of the records were not in existence until after the issuance of the ALJ's final decision on October 26, 2006, such, by itself, does not satisfy the "good cause" test and a valid reason for failure to obtain the evidence must still be shown.  Oliver v. Secretary of

08-45  Charles Ranell Henry

<u>Health and Human Services</u>, 804 F.2d 964, 966 (6th Cir. 1986).  The only record the plaintiff makes an argument as to "materiality" concerns a residual functional capacity assessment from a Dr. Scott Arnett dated August of 2007.  (Tr. 433-440). While this document sadly indicates a very bleak outlook for the plaintiff, it clearly does not "relate back" her disabling condition prior to the DLI and, so, is not "material."  Therefore, the claimant has failed to meet either the "good cause" or "materiality" requirements and a remand for the taking of new evidence is not appropriate.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29th day of January, 2009.

Signed By:
<u>G. Wix Unthank</u>
**United States Senior Judge**